IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIMBERLY JOHNSON                                                                                      PLAINTIFF

vs.                                            Civil No. 4:10-cv-04110

ARK. DEPT OF FINANCE AND ADMINISTRATION                               DEFENDANT

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant's Motion to Dismiss. ECF No. 10. Defendant filed this Motion on September 14, 2010. *Id.* Plaintiff has not filed a response to this Motion, and the time to respond has expired.[1] *See* Local Rule 7.2(b); FED. R. CIV. P. 6(d). This Motion was referred to the undersigned on September 22, 2010. ECF No. 12. This matter is now ripe for consideration.

Plaintiff's Complaint was received by the clerk's office on July 23, 2010 and was filed on July 27, 2010. ECF No. 1. Plaintiff stated she received her EEOC "Determination and/or Notice of Right to Sue" on April 23, 2010. *Id.* at 2. Pursuant to Title VII, Plaintiff had ninety days from the time she received the "Determination and/or Notice of Right to Sue" on April 23, 2010 to file suit. *See* 42 U.S.C. § 2000e-5(f)(1). Ninety days from April 23, 2010 is July 22, 2010. Since Plaintiff filed her Complaint on July 23, 2010, she is time-barred. *See id.* Further, because Plaintiff has not responded to Defendant's Motion to Dismiss, there is no offered basis for equitable tolling of this deadline. *See Hill v. John Chezik Imports,* 869 F.2d 1122 (8th Cir. 1989).

---

[1] To give every benefit to Plaintiff and allow her to respond, this Court attempted to contact her on October 29, 2010 through her contact telephone number listed on this Court's docket. The number was disconnected, and this Court was unable to contact Plaintiff.

1

Therefore, based upon the foregoing, this Court recommends Defendant's Motion to Dismiss (ECF No. 10) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 29th day of October, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE